# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2021

Lyle W. Cayce
Clerk

No. 20-40521
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADAM RENE RODRIGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-117-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Adam Rene Rodriguez appeals his conviction following a jury verdict and sentence for attempted enticement of a 14-year-old girl to engage in sexual activity. He contends that the evidence was insufficient to support his conviction because it did not establish that he

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40521

intended to entice a minor, as he believed he was communicating with an adult.  Rodriguez preserved the issue for appellate review by moving for a judgment of acquittal at the close of the Government's case and again at the close of all evidence.  *See* Fed. R. Crim. P. 29.

In reviewing a preserved challenge to the sufficiency of the evidence, we must determine whether, "after viewing the evidence and all reasonable inferences in the light most favorable to the [Government], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Here, a government agent posed on Kik Messenger as a 14-year-old girl named "Becka."  Rodriguez initiated a conversation with her.  Even after he was advised by Becka that she was only 14 years old, Rodriguez continued to send her sexually explicit messages, photos, videos, and memes.  The two of them discussed Becka's sexual experiences, potential meetings, and prospective sexual encounters.  The messages also contained information indicating that Becka was a minor, including that she was a student and lived with her mother.  Rodriguez was arrested when he went to an apartment complex to meet Becka.

True, Rodriguez testified that he thought Becka was an older woman fantasying as a 14-year-old girl, and Detective Rich confirmed that Becka's account had been active for over six years.  But there was other evidence indicating that Rodriguez thought that Becka was a minor, such as Rodriguez's text to Becka that she was "underage" when he attempted to pick her up from an apartment complex. "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Mitchell*, 484 F.3d

2

No. 20-40521

762, 768 (5th Cir. 2007) (quoting *United States v. Anderson*, 174 F.3d 515, 522 (5th Cir. 1999)).

On this record, a reasonable juror could conclude that Rodriguez intended to entice a minor. *See Vargas-Ocampo*, 747 F.3d at 301–02. The district court did not err by denying Rodriguez's motions for a judgment of acquittal.

AFFIRMED.